RENDERED:  DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0028-MR


COMMONWEALTH OF KENTUCKY,
EX REL. ATTORNEY GENERAL
DANIEL CAMERON, IN HIS
OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF KENTUCKY                    APPELLANT


|  | APPEAL FROM FAYETTE CIRCUIT COURT |
|---|---|
| v. | HONORABLE KIMBERLY N. BUNNELL, JUDGE |
|  | ACTION NO. 20-CI-01252 |


JONES & PANDA, LLC                                              APPELLEE


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, CETRULO, AND COMBS, JUDGES.

CETRULO, JUDGE:  The Kentucky Attorney General, Daniel Cameron (the

"Attorney General"), appeals a Fayette Circuit Court order granting a petition to

set aside a criminal investigative demand ("CID").  Finding the circuit court failed

to conduct an evidentiary hearing to evaluate the justification for the issuance of the CID, we vacate and remand.

## I.     FACTS AND PROCEDURAL BACKGROUND

In March 2020, Governor Andy Beshear declared a state of emergency due to the COVID-19 pandemic. This declaration, in part, initiated the Commonwealth's price control laws preventing the sale of certain items[1] for a price "grossly in excess of the price prior to the declaration and unrelated to any increased cost to the seller." Kentucky Revised Statute ("KRS") 367.374(1)(b).

The Attorney General, in his official capacity, received information from Amazon that third-party sellers were allegedly participating in price gouging through its website. As a result of this information, the Attorney General issued a CID instructing Appellee Jones & Panda, LLC ("Jones & Panda") to "furnish information relating to hand sanitizers and respirators it sold on Amazon." Jones & Panda did not furnish the information, but instead filed a petition in Fayette Circuit Court to set aside or modify the CID. In their petition, as amended, Jones & Panda challenged the constitutionality of Kentucky's price control laws and argued that the Attorney General had not shown a reasonable justification for the

---

[1] Items included consumer food items; goods or services used for emergency cleanup; emergency supplies; medical supplies; home heating oil; building materials; housing, transportation, freight, and storage services; gasoline and other motor fuels; and direct care staff services provided by a health care services agency. KRS 367.374(1)(b)1.-10.

CID. The Attorney General responded and filed an emergency motion to enforce the CID. In May 2020, the parties appeared via Zoom in Fayette Circuit Court. The judge assigned to the matter was unavailable and another judge presided (the "First Judge").

At that hearing, Jones & Panda argued the CID was "arbitrary and unreasonable" because the Attorney General did not provide documentation to the court to support the issuance of the CID. The Attorney General stated that, on its face, the CID did not have to include details from the Amazon report, but that the Attorney General would provide the Amazon documentation to the court for an *in-camera* review. The Attorney General argued that he did not wish to make the documentation part of the record at that time because it was "evidence of an on-going investigation." The Attorney General argued that "as a general rule," he did not "provide information gathered in the investigation when it's in the investigative state."

At the hearing, the First Judge stated that the record did not contain sufficient information to support the CID; therefore, she was denying the Attorney General's emergency motion.[2] The First Judge did not review the supporting documentation *in-camera* nor schedule an evidentiary hearing on the issue. In fact, the First Judge did not rule on the petition to set aside or modify the CID, nor did

[2] The court also granted the motion for leave to file a first amended complaint.

she address the constitutional arguments,[3] stating that the original judge assigned to the matter would address the remaining open matters. When counsel for the Attorney General asked the court if the written order would address the Attorney General's ability to supplement the record on pending issues, the First Judge stated, "I'm not aware of anything that would give you one shot and you're out." However, the subsequent written order did not address the Attorney General's ability to supplement the record, but simply expressed the court's reasoning for denying the motion to enforce, as follows:

> On review of the Attorney General's Emergency Motion, this Court must examine the documentation and facts underlying the decision to issue the CID. . . . Although the Attorney General states he received "detailed information" from Amazon, the motion does not detail the substance of the information or attach copies of the documentation received from Amazon. The motion does not even expressly state that Jones & Panda sold hand sanitizer and respirators for above-market prices, although it is suggested by the motion. . . . The Attorney General has failed to meet his burden to establish a reasonable justification for issuance of the [CID].

Before the Fayette Circuit Court ruled on the petition to set aside the CID, the Attorney General filed a motion for an *in-camera* review. Jones & Panda

---

[3] Jones & Panda challenged the constitutionality of Kentucky's price-control laws on the grounds they violate the dormant commerce clause, the First Amendment, and the equal protection clause.

responded, but a parallel case in Federal Court paused the action.[4]  The matter resumed in Fayette Circuit Court in October 2021 in front of the judge originally assigned to the matter (the "Second Judge").  At this hearing (the "October 2021 Hearing"), the Attorney General again requested an *in-camera* review of the Amazon documentation by the court before there was a determination on the petition.

At the beginning of the hearing, the Second Judge stated that this motion appeared to be a "second bite at the apple."  Again, the Attorney General argued that the court would understand the reasonable justification for the CID after an *in-camera* review of the supporting material.  Adversely, Jones & Panda argued that the CID request was too broad and unjustified.  During the hearing, the Second Judge asked questions about the data contained in the Amazon documentation, but did not review the material *in-camera* nor schedule an evidentiary hearing to determine if an *in-camera* review would be appropriate.  Instead, the Second Judge noted her role was not to be an appellate judge for the First Judge.  At the conclusion of that hearing, the Second Judge denied the motion for an *in-camera* review and granted the petition to set aside the CID.  The subsequent written order succinctly reiterated the court's oral decision.

---

[4] A federal district court entered a preliminary injunction preventing the Attorney General from enforcing Kentucky's price-control laws.  Later, the Sixth Circuit lifted that injunction.  *Online Merchants Guild v. Cameron*, 995 F.3d 540 (6th Cir. 2021).

Shortly thereafter, the Attorney General filed a motion pursuant to Kentucky Rule of Civil Procedure ("CR") 59.05 to alter, amend, or vacate the order setting aside the CID, arguing the order should be vacated "because it was based on a mistake of fact and law, namely an erroneous recollection and interpretation of an earlier order in the case issued by a different presiding judge." After a hearing on the motion, the Second Judge denied the CR 59.05 motion. The Attorney General then appealed the order granting the petition to set aside the CID.

## II.    ANALYSIS

On appeal, the Attorney General argues that the circuit court erred when it set aside the CID because 1) the court created an unjustifiable, unprecedented rule giving the Attorney General only one chance to enforce a CID, and 2) the Second Judge misunderstood the First Judge's intention. Jones & Panda argues that the circuit court properly granted the petition to set aside the CID and challenges the preservation of the Attorney General's statutory argument under KRS 367.250.[5] This matter involves questions of law, including statutory interpretation; therefore, our review is *de novo*. *Wheeler & Clevenger Oil Co., Inc. v. Washburn*, 127 S.W.3d 609, 612 (Ky. 2004).

---

[5] We find this preservation argument lacks merit. True, the Attorney General did not name KRS 367.250 specifically during the October 2021 hearing, but the Attorney General *did* refer to statutes requiring confidentiality, thus preserving the argument sufficiently for this appeal.

The Kentucky Consumer Protection Act ("KCPA")[6] protects Kentuckians from unfair ("unconscionable"), false, misleading, or deceptive acts or practices in the conduct of any trade or commerce. KRS 367.170. Additionally, the KCPA protects from unreasonable investigations taken pursuant to the Act. KRS 367.260. When the Attorney General has reason to believe that a person has engaged in an unlawful act, or when he believes it to be in the public interest that he investigate whether a person engaged in an unlawful act, the Attorney General may execute a CID (or subpoena)[7] requiring the production of relevant documentary material. KRS 367.240(1). If any person fails to obey a CID, the Attorney General may seek relief in circuit court. KRS 367.290. The Attorney General is not required to detail the reason or grounds for its issuance on the face of the CID. *Commonwealth ex rel. Hancock v. Pineur*, 533 S.W.2d 527, 529-30 (Ky. 1976). However, the CID must be supported by a reasonable justification. *Id*. at 530. Further, judicial review protects against mistaken or arbitrary orders. *Id*. at 529.

If a CID recipient challenges the CID, that entity may file a petition to modify or set aside the demand in circuit court. KRS 367.240(2). It is the circuit

---

[6] KRS 367.110 to 367.360.

[7] For purposes of this analysis, CIDs and subpoenas are treated consistently. *See* KRS 367.250, 367.280, and 367.290.

court's duty "to examine the documentation and facts upon which the Attorney General based his decision to issue the demand." *Ward v. Commonwealth ex rel. Stephens*, 566 S.W.2d 426, 429 (Ky. App. 1978). Here, that examination never took place. Both parties made arguments as to the validity of the CID itself at the October 2021 Hearing, but that is where the conversation stopped. While it appears there may have been a misunderstanding between the two presiding judges, the end result was the same: neither the First Judge nor the Second Judge examined the documentation upon which the Attorney General based the CID nor held an evidentiary hearing dedicated to whether an *in-camera* review would be appropriate.

While the issuance of the CID is an element of the *investigative* phase (not the *discovery* phase), legal checks and balances must still be respected. The Attorney General is *required* to keep subpoenas confidential and may make them public only to "the extent necessary for law enforcement purposes in the public interest." KRS 367.250. Kentuckians are protected from arbitrary action at the hands of a governmental agency because "once [a CID recipient] makes a prima facie showing of facts entitling him to relief[,] the [governmental] agency has the onus of coming forward with a showing of reasonable justification, else it runs the risk of an adverse judgment." *Pineur*, 533 S.W.2d at 530. However, "[n]owhere in the statute is there a standard for determining what facts satisfy the conditions

precedent to the issuance of an investigative demand." *Ward*, 566 S.W.2d at 428. To determine this, the trial court must "look behind the demand." *Id.* In fact, "it is the *duty of the court* to examine the documentation and facts upon which the Attorney General based his decision to issue the demand." *Id.* at 429 (emphasis added).

Kentucky caselaw on CIDs is limited, but consistent. In every case, a determination of the CID's validity has been the result of *a review* of the information supporting its issuance. In *Pineur*, the circuit court reviewed the information supporting the investigative demand – 38 customer complaint letters, affidavits of numerous dissatisfied customers, and the affidavit of one former salesman – to determine if it was sufficient to warrant a very broad request for information. *Pineur*, 533 S.W.2d at 527. In *Ward*, the circuit court reviewed the supporting documentation, which included an attorney's affidavit explaining the basis for the issuance. *Ward*, 566 S.W.2d at 426. In this case, there was no such review conducted. In *Pineur*, the Court specifically held that there was no statutory or constitutional requirement that the CID recite on its face the reason for its issuance. *Pineur*, 533 S.W.2d at 528.

Additionally, although *Lassiter v. Landrum*, 610 S.W.3d 242 (Ky. 2020), discussed the Secretary of the Finance and Administration Cabinet's ability to issue subpoenas, we find the holding persuasive and relevant. "[T]he judiciary

-9-

provides a solid backstop for any potential overreaches by . . . [an] agent of the government in issuing [subpoenas.]" *Id*. at 252. In *Lassiter*, the Kentucky Supreme Court reiterated that the circuit court should assess the validity of a subpoena. *Id.* ("After review of the subpoena issued in this case, it appears to have satisfied the foregoing standard. However, we leave that determination to the sound discretion of the trial court on remand."). And, it should be left to the sound discretion of the trial court to assess whether "the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." *Id*.

Therefore, whether the Amazon documentation should be reviewed *in-camera* is a question for the trial court. Whether or not the scope of the CID is reasonable (or too broad) is a question for the trial court. *Pineur*, 533 S.W.2d at 530. Whether additional evidence beyond the Amazon documentation is required to support the CID is a question for the trial court. *Ward*, 566 S.W.2d at 428. The trial court simply failed to answer these questions; therefore, we remand.

### III.   CONCLUSION

Accordingly, we VACATE the order granting the motion to set aside the CID. We REMAND with instructions for the Fayette Circuit Court to hold an

-10-

evidentiary hearing to determine if the CID was properly supported and to conduct

an *in-camera* review, if necessary, to accomplish this task.


ALL CONCUR.


BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

Matthew F. Kuhn
Michael R. Wajda
Philip R. Heleringer
Matthew Cocanougher
Assistant Attorneys General
Frankfort, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEE:

Mason Moore Kessinger
Lexington, Kentucky